IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE SHADUR

LOYOLA UNIVERSITY MEDICAL CENTER,

Plaintiff,

v.

UNICARE HEALTH PLANS OF THE MIDWEST, INC.,

Defendant.

)
)
)
)
)
)
)
)
)
)

No.

04C 6128

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

**COMPLAINT**

NOW COMES the Plaintiff, LOYOLA UNIVERSITY MEDICAL CENTER, by and

through its attorneys, BLOCK & LANDSMAN, and complaining against the Defendant, states as

follows:

**Jurisdiction and Venue**

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of

    1974 ("ERISA") 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district

    courts jurisdiction to hear civil actions brought to recover benefits due under the terms of

    an employee welfare benefit plan which, in this case, consists of group health care

    coverage underwritten by UNICARE Health Plans of the Midwest, Inc. ("UNICARE") for

    the benefit of employees of the City of Elgin, Illinois. In addition, this action may be

    brought before this Court pursuant to 28 U.S.C. §1331, which gives the district court

    jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or

    internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Venue is proper in the Northern District of Illinois pursuant to 29 U.S.C. §1132(e)(2) and

-1-

28 U.S.C. §1391. The events, transactions, and occurrences relevant to the claims took place at the Plaintiff's facility in Maywood, Illinois, within the Northern District of Illinois.

### Nature of Action

4.  This is a claim seeking payment of health care insurance benefits pursuant to a policy of insurance (the "Plan") underwritten by UNICARE to provide group health insurance benefits to employees of the City of Elgin, Illinois. (A true and correct copy of the face page of the certificate of insurance coverage is attached hereto as Exhibit "A"). In this action, UNICARE was to have provided HMO health insurance coverage to Michael Monell ("Monell"). This action, seeking recovery of benefits, is brought pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. §1132(a)(I)(B)).

### The Parties

5.  Loyola University Medical Center ("LOYOLA") is the assignee of the benefits and claims of Monell (d/o/b 8/01/66). (See Exhibit "B" hereto).

6.  UNICARE is an insurer which provides group health care insurance benefits. At all times relevant hereto, UNICARE was doing business throughout the United States and within the Northern District of Illinois.

7.  At all times relevant hereto, the Plan constituted an "employee welfare benefit plans" as defined by 29 U.S.C. §1002(1); and incident to Monell's employment with the City of Elgin, he was to have received coverage under the Plan as a "participant" as that term is defined by 29 U.S.C. §1002(7). LOYOLA is a "party in interest" as to Monell's benefit plan under 29 U.S.C. §1002(14)(B). This claim relates to benefits under the foregoing Plan.

## Statement of Facts

8.   Monell worked for the City of Elgin.  He is a thirty-eight year old man who suffers from idiopathic familial ventricular fibrillation.  He has a dual chamber epicardial pacemaker ("ICD").  Monell's health issues are so severe that he had previously received a standing referral to the Sherman Hospital Electrophysiology ("EP") department from his primary care physician, Dr. Kent McGuire.

9.   On March 17, 2003, Monell was concerned over recent 'shocks' from his pacemaker and used his standing referral to Sherman EP to have his ICD checked.  The EP nurse ran some tests, gave the results to a physician and also shared the results with an engineer from the pacemaker company.  The engineer believed the pacemaker was not functioning properly.  The Sherman EP nurse then referred Monell to LOYOLA.

10.  On March 18, 2003, prior to Monell's admission, a representative from LOYOLA contacted UNICARE and was quoted benefits and was further advised that a referral was not needed due to the urgency of the admission.  Monell was then admitted to LOYOLA on March 18, 2003 and underwent additional testing on March 19, 2003.

11.  On March 20, 2003, Monell underwent surgery to replace the ICD device.  There had been damage to the right epicardial ICD sensing lead in the device.

12.  Monell was discharged on March 21, 2003.  The total cost for his testing, surgery, and treatment was $124,004.98.  UNICARE has since denied coverage claiming there was no specific referral from the primary care physician, that Plaintiff was out of network, and it was not otherwise an emergency situation.

13.  LOYOLA and Monell have exhaused all avenues of administrative appeal to UNICARE, to no avail.  Therefore, all efforts at administrative review or appeal have been exhausted and

this matter is ripe for judicial review.

14. Notwithstanding the medical evidence and records it has received, UNICARE continues to deny coverage. UNICARE continuously denies coverage despite having given LOYOLA verbal confirmation of benefits prior to Monell's March 18, 2003 admission into the hospital.

15. LOYOLA and Monell have honored the terms of the insurance coverage and, specifically, requested and received confirmation of benefits on March 18, 2003, prior to the rendering of any services.

16. UNICARE's denial of benefits is not well founded and constitutes a breach of its agreement to provide Monell such benefits.

WHEREFORE, Plaintiff prays that this Court grant the following relief:

A. Enter judgment in Loyola University Medical Center's favor and against the Defendant in the amount of $124,004.98;

B. Order the Defendant to pay Loyola University Medical Center prejudgment interest on the judgment amount from March, 2003, to the date of judgment;

C. Award Plaintiff its attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g); and

D. Grant all other relief this Court deems just and fair.

Date:

Loyola University Medical Center

By: _~~signature~~_
One of its attorneys

Alan F. Block
Laurence M. Landsman
Block & Landsman
11 S. LaSalle, Suite 1600
Chicago, IL 60603
(312) 251-1144



UNICARE.
**UNICARE HEALTH PLANS**
Certificate

# UNICARE HMO

## Certificate of Group Health Care Coverage

**Face Page**

The Certificate of Group Health Care Coverage, together with the Group Contract, constitute the entire agreement for the provision of medical and hospital care between the Employer and UNICARE.

The Certificate specifies the benefits which the Employee and his/her dependents are entitled to receive as Covered Persons of UNICARE HMO in consideration for the premiums made by or on behalf of the Employee.

If you are covered as an Employee of an Employer, your Employer has delegated to UNICARE the broadest possible discretion to interpret the terms of the Group Contract and the Certificate and to determine which benefits the Employee and his/her eligible dependents are entitled to receive.

UNICARE certifies that the Group Health Care Coverage, as described in the Certificate, is provided according to the Group Contract for each Covered Employee. The Group Contract is on file with the Administrative Offices of UNICARE and is available to be inspected by the Employee and his/her covered dependents during regular business hours.

| | |
|---|---|
| *Covered Employee:* | You are eligible to become covered under the Group Contract if you are in the Covered Classes shown below and meet the requirements in the *Who is Eligible to Become Covered* section of the Certificate. The *When You Become Covered* section states how and when you may become covered. Your coverage will end when the rules in the *When Your Coverage Ends* section so provide. |
| *Covered Classes:* | All Employees of the Employer who permanently reside in the Service Area and are eligible or covered under the Employer's Health Benefits Plan. |
| *Service Area:* | The counties of Cook, DuPage, Lake, Will, McHenry, Kendall, Kane and Kankakee in the State of Illinois. The counties of Porter and Lake in the State of Indiana. |
| *Cost of Coverage:* | The Employee Coverage may be Contributory or Non-contributory coverage. The Dependents Coverage may be Contributory or Non-contributory coverage. You will be informed of the amount of your contribution when you are asked to enroll. |

UNICARE's Address: 233 S. Wacker Drive, Suite 3900, Chicago, Illinois 60606-6309

The Certificate replaces any older certificates issued to you for the Group Health Care Coverage described in this UNICARE HMO Certificate.



EXHIBIT

A

1



# FOSTER G. McGAW HOSPITAL
## LOYOLA UNIVERSITY MEDICAL CENTER
## ADMISSION AUTHORIZATION RECORD

### Consent For Diagnosis And Treatment

I hereby authorize Foster G. McGaw Hospital, of Loyola University of Chicago, hereafter referred to as FGMH, and the physician(s) in charge of my care, to administer such medications and to perform such procedures as may be deemed necessary.

### Consent For Release Of Information/Patient Notification Statement

I hereby authorize FGMH and the physicians to release to employer groups, insurance companies, government agencies or other third party payers and their agents information concerning medical care, advice, treatment, or supplies or other information that may be necessary for the purpose of determining eligibility and available benefits and obtaining payment on my behalf for the health care as service provided to me. Thus authorization may be revoked in writing at any time except as to those actions which may have already occurred.

I understand that the care and services I will recieve at FGMH are subject to review by health care professionals, third party payers and review agencies.

I understand that I will be financially responsible for all charges incurred for my treatment if revocation or refusal to authorize the disclosure of my medical records results in a payment denial of my insurance claim.

### Room Assignment

A limited number of private rooms are available for patients who are medically in need of private facilities, such as isolation. If you request and/or are assigned to a private room for a non-medical reason, you will be transferred if the condition of another patient warrants the use of those facilities.

### Consent For Non-Hospice Patients Admitted To Hospice Beds

I understand that if I am occupying a bed that is for patients electing hospice care, I may be asked to move to another patient room at some time during my hospitalization if the room is needed for a hospice patient.

### Payment Guarantee / Assignment Of Insurance Benefits

I understand that the Hospital/physician and medical care has been or will be provided to me or my dependent (patient whose name appears below).

I represent that I presently maintain medical insurance coverage which will reimburse the charges for the Hospital/physician and medical care being provided; if my medical insurance coverage is not sufficient to satisfy the Hospital/physician charges in full, I acknowledge that if the resulting balance is not covered by this Assignment, I will be fully responsible for payment of this balance due upon discharge as consideration for Hospital/physician and medical services rendered, and I agree to pay the established rates of FGMH and its physicians for all services, facilities and supplies rendered.

In consideration of those Hospital/physician and medical services rendered by FGMH, I hereby assign to FGMH and to the physicians, all of my rights to medical reimbursement, including, but not limited to, the right to designate a beneficiary, add dependent eligibility and to have an individual policy continued or issued in accordance with the terms and benefits under any insurance policy, subscription certificate or other health benefit indemnification agreement otherwise payable to me for those services rendered by FGMH and its physicians.

### Responsibility For Personal Property

I understand that FGMH cannot be held responsible for personal property.

| | | | |
|---|---|---|---|
| X _(signature of policyholder)_ | | X _(signature of patient)_ | |
| X | | **MONELL ,MICHAEL J** | **1057731** |
| Responsible Party | Relationship Date | Patient Name | Medical Record No. |
| | | **03/18/03 @ 13:14** | **08/01/1966 M 36** |
| Address | City/State Zip Code | Adm. Date | Birthdate Sex Age |
| Witness | | Dr. Name | Room/Bed |

18333 rev. 8/01          WHITE-CHART          CANARY-PATIENT          Pink-ADMITTING



**EXHIBIT**
**B**

&w&bPage &p of &P

CAT 3

# UNITED STATES ~~DISTRICT~~ COURT
# NORTHERN DISTRICT OF ILLINOIS

JUDGE SHADUR

MAGISTRATE JUDGE
DINE S

04C 6128

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

DOCKETED

**Plaintiff(s):** Loyola University Medical Center

**Defendant(s):** UNICARE Health Plans of the Midwest, Inc.

County of Residence: Cook

County of Residence: Cook

Plaintiff's Atty:    Alan F. Block
               Block & Landsman
               11 S. LaSalle Street, Suite 1600
               Chicago, IL 60603
               312-251-1144

Defendant's Atty:

FILED-ED4
04 SEP 21 PM 1:17
CLERK
U.S. DISTRICT COURT

**II. Basis of Jurisdiction:**      **3. Federal Question (U.S. not a party)**

**III. Citizenship of Principal Parties (Diversity Cases Only)**
                     Plaintiff:- **N/A**
                  Defendant:- **N/A**

**IV. Origin :**      **1. Original Proceeding**

**V. Nature of Suit:**      **791 E.R.I.S.A**

**VI. Cause of Action:**      **Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. 1132(e)(1) and 1132(f). This is a claim seeking payment of health care insurance benefits pursuant to an Insurance Policy underwritten by UNICARE to provide group health insurance benefits to employees of the City of Elgin, Illinois.**

**VII. Requested in Complaint**
           Class Action: **No**
           Dollar Demand: **124,004.98 plus interest and attorney's fees**
           Jury Demand: **No**

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

**Signature:**

**Date:**   9-21-04

1-2